**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:19CV-P74-TBR**

**JERRY L. CLARK, JR.**                                                                        **PLAINTIFF**

v.

**JUDGE JAMES T. JAMESON** *et al.*                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jerry L. Clark, Jr., filed a *pro se* 42 U.S.C. § 1983 complaint proceeding *in forma pauperis*. This matter is before the Court upon initial review pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss some of Plaintiff's claims and will allow him to amend his complaint with regard to one of the Defendants.

Plaintiff originally filed a complaint on his own paper. By prior Order (DN 3), the Court ordered Plaintiff to file an amended complaint on the Court-approved form, instructing that the amended complaint would supersede the original complaint. The docket sheet lists as Defendants the Calloway County Public Defender's Office and Attorney Cheri Riedell. Because Plaintiff does not name these two parties as Defendants in the amended complaint, the Court will direct the Clerk of Court to terminate them as parties to this action.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a pretrial detainee at the Calloway County Jail. In the amended complaint, Plaintiff names the following Defendants: Judge James T. Jameson, a Calloway County Circuit Judge; Angel Clere, a detective with the City of Murray Police Department; "James Burkeen Commonwealth's Attorney Office," a prosecutor; and Ken Claud, the Calloway County Jailer.

He sues Defendants Jameson and Burkeen in their individual and official capacities. He sues Defendants Clere and Claud in their official capacities only.

Plaintiff states that on March 27, 2019, Defendant Jameson violated his constitutional rights by "making the racial comment that the best way he knows to discribe me is like 'Ray Charles . . . country dumb' this is a racist comment and the Constitution protects me from such discrimination." Plaintiff states that Defendant Jameson violated his right to freedom of speech "as I tried to assert my rights by repeatedly saying to me; Denied . . . anything else? Denied Mr. Clark . . . anything else? Denied . . . I denied everything you'v[e] brought up is there anything else . . .?! This is professional misconduct by a judge." Plaintiff further states that Defendant Jameson violated his Sixth Amendment rights, his right to a trial by jury, and his right to due process. He states, "I'm being held for a crime that was dismissed at my preliminary hearing in district court, thus without being allowed to bring this issue up in court. This abridges the priviledges or immunities of the People of the United States and denying me the equal protection of the laws."

Plaintiff states that he is suing Defendant Clere for violation of his Fourth Amendment right against illegal search and seizure. He states that Defendant Clere "admitted in her statement that she knew the property that she searched outside of my co-defendant's home belonged to me. She searched it without my consent or a warrant and obtained evidence illegally which was used to charge me with 2nd degree burglary."

Plaintiff further asserts that he is suing Defendant Burkeen for "1. 6th Amen. violation, 2. violation of the Constitution Article 6 oaths of office, 3. double jeopardy, 4. abuse of power, 5. discrimination, and 6. prosecutorial misconduct." Plaintiff states, "The charge of 2nd degree burglary was dismissed by the district court judge of Calloway Co. KY. The Commonwealths

office then with disregard for the district courts ruling took the burglary to the Grand Jury and had me indicted on the case that was dismissed at preliminary hearing." He continues, "I was never formally charged nor served an indictment by the Grand Jury, nor have I been arraigned and this now 9 months later." He states, "I was totally unaware of this until some 63 days after the grand jury met and had no court date (I was doing 90 days for an unrelated charge) until I had my family call the court clerk and then I was given a court date well after 60 days." Plaintiff states that he is also suing the Commonwealth's Attorney Office and Defendant Jameson for violation of the 9th Amendment.

Plaintiff also maintains that he is suing Defendant Claud "for unlawful detention and 4th Amen. violation for having me seized illegally in the Calloway Jail for as of now 9 months for the charge of 2nd degree burglary." He states, "I was serving a 90 day sentence for a misdemeanor and when the 90 days was expired the Jail refused to release me and has continued to hold me unlawfully without arrest."

As relief, Plaintiff seeks monetary damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Defendants Jameson and Burkeen*

Plaintiff sues Defendants Jameson and Burkeen in their official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants Jameson and Burkeen are state officials. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at

4

169. Because Plaintiff seeks only monetary damages in this action, Plaintiff's official-capacity claims against Defendants Jameson and Burkeen must be dismissed.

With regard to Plaintiff's individual-capacity claim against Defendant Jameson, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Plaintiff alleges that Defendant Jameson addressed him in a racially demeaning way during a court proceeding and denied his motions. Plaintiff's allegations against Defendant Jameson relate only to actions he took in his judicial capacity and within his jurisdictional authority. Consequently, Plaintiff's individual-capacity claim against Defendant Jameson is barred by judicial immunity and must be dismissed.

Furthermore, with regard to Plaintiff's individual-capacity claim against Defendant Burkeen, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged

5

commission of perjury before the grand jury). Thus, Plaintiff's individual-capacity claim against Defendant Burkeen is barred by prosecutorial immunity and must also be dismissed.

## B. *Defendants Clere and Claud*

Plaintiff sues Defendants Clere and Claud in their official capacities only. Plaintiff identifies Defendant Clere as an employee of the City of Murray and Defendant Claud as an employee of Calloway County. As stated above, Plaintiff's official-capacity claims are actually brought against Defendants' employers. *Kentucky v. Graham*, 473 U.S. at 165. When a § 1983 claim is made against a municipality, such as the City of Murray or Calloway County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

With regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any of the actions of Defendant Clere or Claud were taken based on a policy or custom of the City of Murray or Calloway County. The complaint alleges isolated events affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims against Defendants Clere and Claud will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff did not sue these Defendants in their individual capacities. However, even if he had sued Defendant Claud in his individual capacity, the claim would fail. Against Defendant Claud, Plaintiff alleges "unlawful detention" in violation of the Fourth Amendment and that the jail has "refused to release" him and has continued to hold him unlawfully. It is evident from the complaint that Plaintiff is being held pursuant to the court proceedings against him. His allegations against Defendant Claud challenge the fact and duration of his confinement. A challenge to the fact or duration of confinement should be brought as a petition for a writ of habeas corpus and is not the proper subject of a civil-rights action brought pursuant to § 1983. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Accordingly, an individual-capacity claim against Defendant Claud would be subject to dismissal for failure to state a claim upon which relief may be granted.

With regard to Defendant Clere, the Court construes the allegations as alleging an illegal search and seizure in violation of the Fourth Amendment. Upon consideration, the Court will allow Plaintiff to file an amended complaint in which he sues Defendant Clere in her individual

capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's individual and official-capacity claims against Defendants Jameson and Burkeen are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendants Clere and Claud are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate** Defendants Calloway County Public Defender's Office, Riedell, Jameson, Burkeen, "Commonwealth Attorney's Office of Murray, KY," and Claud as parties to this action.

**IT IS FURTHER ORDERED that within 30 days of entry of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he sues Defendant Clere in her individual capacity.  If Plaintiff timely files such an amended complaint, the Court will allow a Fourth Amendment claim to proceed against Defendant Clere in her individual capacity.**

The Clerk of Court is **DIRECTED to send Plaintiff the second page of a § 1983 civil-rights complaint form** with the word "Amended" and this case number written in the caption.

8

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein and for failure to comply with an Order of this Court.**

Date: July 30, 2019

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4413.010